

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00299-CV

IN RE JASMINE CLAYBORN AND                                        RELATORS
LEE BUSH

----------

## ORIGINAL PROCEEDING

----------

## MEMORANDUM OPINION[1]

----------

This original proceeding concerns whether a trial court's temporary order in a modification proceeding complies with section 156.006(b) of the family code. Tex. Fam. Code Ann. § 156.006(b) (West Supp. 2012). Because we hold that it does not, we conditionally grant relief.

---

[1]*See* Tex. R. App. P. 47.4.

## Background

Relator, Mother, and real party in interest, Father, were divorced in July 2010. The couple had two sons and a daughter, M.C. When M.C. was about four years old, Father learned that she was not his biological daughter. In the final divorce decree, Father was awarded possessory conservatorship and standard visitation with M.C. Mother and relator L.B., M.C.'s biological father, were named joint managing conservators of M.C. and Mother was awarded the exclusive right to designate M.C.'s primary residence.

In July 2011, L.B. filed a petition to modify the divorce decree. L.B. sought to terminate Father's visitation with and possessory conservatorship of M.C. Father later filed a counter-petition to modify the divorce decree in November 2011.

On January 9, 2012, Father filed his motion for temporary orders, seeking the exclusive right to determine M.C.'s primary residence, complaining that Mother and L.B. were denying his visitation with M.C. A hearing was held on March 22, 2012. The trial court granted Father's motion and appointed Father M.C.'s temporary sole managing conservator with the exclusive right to designate her primary residence. Mother and L.B. then filed a petition for writ of mandamus and motion for emergency relief.[2]

---

[2]We denied Mother's motion for emergency relief in a previous order.

**Standard of Review**

Mandamus relief is proper only to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Columbia Med. Ctr. of Las Colinas*, 290 S.W.3d 204, 207 (Tex. 2009) (orig. proceeding). A trial court clearly abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *In re Olshan Found. Repair Co.*, 328 S.W.3d 883, 888 (Tex. 2010) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). With respect to the resolution of factual issues or matters committed to the trial court's discretion, we may not substitute our judgment for that of the trial court unless the relator establishes that the trial court could reasonably have reached only one decision and that the trial court's decision is arbitrary and unreasonable. *In re Sanders*, 153 S.W.3d 54, 56 (Tex. 2004) (orig. proceeding); *Walker*, 827 S.W.2d at 839–40. In other words, we give deference to a trial court's factual determinations that are supported by evidence, but we review the trial court's legal determinations de novo. *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding). Because a trial court's temporary orders are not appealable, mandamus is an appropriate means to challenge them. *See In re Derzapf*, 219 S.W.3d 327, 334–35 (Tex. 2007) (orig. proceeding); *In re Russell*, 321 S.W.3d 846, 853 (Tex. App.—Fort Worth 2010, orig. proceeding [mand. denied]).

**Applicable Law**

Section 156.006 of the family code provides that

(b) While a suit for modification is pending, the court may not render a temporary order that has the effect of changing the designation of the person who has the exclusive right to designate the primary residence of the child under the final order unless the temporary order is in the best interest of the child and:

(1) the order is necessary because the child's present circumstances would significantly impair the child's physical health or emotional development;

(2) the person designated in the final order has voluntarily relinquished the primary care and possession of the child for more than six months; or

(3) the child is 12 years of age or older and has expressed to the court in chambers as provided by Section 153.009 the name of the person who is the child's preference to have the exclusive right to designate the primary residence of the child.

Tex. Fam. Code Ann. § 156.006(b). The only exception applicable in this case is whether "the order is necessary because the child's present circumstances would significantly impair the child's physical health or emotional development." *Id*. § 156.006(b)(1).

**Discussion**

Father's motion for temporary orders alleged, "The continued denial of visitation to [Father] in violation of the Court's order is paramount to abuse." To his motion he attached the social study that was prepared on August 17, 2009. The social study noted that M.C. sees Father, not her biological father, "as her father." A counselor who saw M.C. in 2009 said that cutting off contact between

4

M.C. and Father was "callused" and has caused M.C. to miss her brothers and Father's extended family whom "she grew up with since birth." Father also attached an affidavit of Larry Lohman, a counselor to Father and the two other children. Lohman testified that the boys told him that M.C. is not allowed to play with them at Mother's house, which would leave M.C. "sad and pouting."

At the hearing on Father's motion, Father testified that he was seeking the temporary orders because M.C. "is not getting the proper counseling or help that she needs going through this whole process." He believed that Mother's continued denial to let M.C. spend time with her brothers was having "an adverse psychological effect" on her. When Father would get visitation with M.C., she did not want to return home and asked to stay longer. Father stated that M.C. saw Lohman twice and that Lohman could "tell that she was a little depressed."

Lohman testified that he believed it was in M.C.'s best interest to be in Father's custody because "what [he has] understood is that she has not been handled in a manner that would be consistent with what [he] would think of as good parenting." Specifically, he believes Mother has created confusion in M.C.'s mind as to who M.C.'s father is. This confusion "would set her up for having problems much later on in life, relationship problems specifically, trust issues particularly, and a lot of basic uncertainty about who she is, where she comes from, and how she has developed into the person that she develops into." When asked if his opinion was that it was detrimental to M.C. to be denied visitation, he responded, "I'm sure that it really hurts her emotionally. I'm sure

5

that she experiences a tremendous sense of loss." He also testified that it would be emotionally hurtful to M.C. if she were removed from her Mother and sister. He said that "any situation that alienates one parent from the child is essentially going to harm the child in doing so."

Although we recognize that Mother's behavior in refusing to allow Father's visitation has made it difficult for him to gather the evidence necessary to meet the statutory burden, the evidence that was presented does not demonstrate that M.C.'s present circumstances significantly impair her physical health or emotional development. *See* Tex. Fam. Code Ann. § 156.006(b)(1). The social study that was completed almost three years before the hearing is not evidence of M.C.'s present circumstances. *See In re Rather*, No. 14-11-00924-CV, 2011 WL 6141677, at *2 (Tex. App.—Houston [14th Dist.] Dec. 8, 2011, orig. proceeding) (mem. op.). Father only testified that M.C. was depressed when she had to leave him and that he believes that she needs counseling to deal with the divorce and custody proceedings. He did not testify to any specific harm to M.C.'s emotional development. *See In re Strickland*, 358 S.W.3d 818, 822–23 (Tex. App.—Fort Worth 2012, orig. proceeding) ("Because each child's circumstances are different, conditions that could significantly impair the emotional development of one child may not affect another child as strongly. Thus, specific allegations as to how a child's emotional development will be significantly impaired are statutorily required."). The counselor's testimony, because he has not counseled M.C. personally, amounts to nothing more than conjecture about what may

6

happen in the future. Although this is evidence of emotional distress, it is not evidence of a significant impairment by M.C.'s current circumstances as required by the statute. *See id.* (holding that evidence that the children "will likely experience emotional distress from separation and loss" is not evidence of significant impairment of their emotional development that is required by section 156.006 (b)(1)); *In re Payne*, No. 10-11-00402-CV, 2011 WL 6091265, at *2 (Tex. App.—Waco Dec. 2, 2011, orig. proceeding) (mem. op.) ("[T]he standard for making a modification in a temporary order that has the effect of changing the designation of the person who has the exclusive right to designate the primary residence of the child has been set very high by the Legislature in requiring the finding of significant impairment.").

Father's general allegations here do not show that M.C.'s present circumstances would significantly impair her emotional development. Because section 156.006(b) precludes the trial court from issuing a temporary order effecting a change in the designation of the person having the right to designate the primary residence of the child, in the absence of evidence triggering a statutory exception to this prohibition, we are compelled to conclude that the trial court abused its discretion by granting Father the right to designate M.C.'s primary residence. *See* Tex. Fam. Code Ann. § 156.006(b); *Strickland*, 358 S.W.3d at 822.

7

## Conclusion

Having determined that Mother and L.B. are entitled to relief, we conditionally grant their petition for writ of mandamus, and we order the trial court to vacate its March 25, 2012 order. The writ will issue only if the trial court fails to comply with this order.


PER CURIAM

PANEL: GABRIEL, GARDNER, and MCCOY, JJ.

MCCOY, J., concurs without opinion.

DELIVERED: August 24, 2012

8