COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
 
 




 

 

NO. 02-12-00299-CV




 
 
 In re Jasmine Clayborn and Lee Bush
 
 
  
 
 
 RELATORS
 
 
 
 
  
 
 
 
 
  
 
 
  
 
 
  
 
 




----------

ORIGINAL PROCEEDING

----------

MEMORANDUM
OPINION[1]

----------

This
original proceeding concerns whether a trial court’s temporary
order in a modification proceeding complies with section
156.006(b) of the family code.  Tex. Fam. Code Ann. § 156.006(b) (West
Supp. 2012).  Because we hold that it does not, we conditionally
grant relief. 

 

 

Background

Relator,
Mother, and real party in interest, Father, were divorced in July 2010.  The
couple had two sons and a daughter, M.C.  When M.C. was about four years old,
Father learned that she was not his biological daughter.  In the final divorce
decree, Father was awarded possessory conservatorship and standard visitation
with M.C.  Mother and relator L.B., M.C.’s biological father, were named joint
managing conservators of M.C. and Mother was awarded the exclusive right to
designate M.C.’s primary residence. 

In
July 2011, L.B. filed a petition to modify the divorce decree.  L.B. sought to
terminate Father’s visitation with and possessory conservatorship of M.C.  Father
later filed a counter-petition to modify the divorce decree in November 2011.

On
January 9, 2012, Father filed his motion for temporary orders, seeking the
exclusive right to determine M.C.’s primary residence, complaining that Mother
and L.B. were denying his visitation with M.C.  A hearing was held on March 22,
2012.  The trial court granted Father’s motion and appointed Father M.C.’s
temporary sole managing conservator with the exclusive right to designate her
primary residence.  Mother and L.B. then filed a petition for writ of mandamus
and motion for emergency relief.[2]  

 

Standard
of Review

Mandamus
relief is proper only to correct a clear abuse of discretion when there is no
adequate remedy by appeal.  In re Columbia Med. Ctr. of Las Colinas,
290 S.W.3d 204, 207 (Tex. 2009) (orig. proceeding).  A trial court clearly
abuses its discretion when it reaches a decision so arbitrary and unreasonable
as to amount to a clear and prejudicial error of law or if it clearly fails to
correctly analyze or apply the law.  In re Olshan Found. Repair Co.,
328 S.W.3d 883, 888 (Tex. 2010) (orig. proceeding); Walker v. Packer,
827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).  With respect
to the resolution of factual issues or matters committed to the trial court’s
discretion, we may not substitute our judgment for that of the trial court
unless the relator establishes that the trial court could reasonably have
reached only one decision and that the trial court’s decision is arbitrary and
unreasonable.  In re Sanders, 153 S.W.3d 54, 56 (Tex. 2004) (orig.
proceeding); Walker, 827 S.W.2d at 839–40.  In other words, we give
deference to a trial court’s factual determinations that are supported by
evidence, but we review the trial court’s legal determinations de novo.  In
re Labatt Food Serv., L.P., 279 S.W.3d 640, 643 (Tex. 2009) (orig.
proceeding).  Because a trial court’s temporary orders are not appealable, mandamus is an
appropriate means to challenge them.  See In re Derzapf, 219 S.W.3d
327, 334–35 (Tex. 2007) (orig. proceeding); In re Russell, 321 S.W.3d
846, 853 (Tex. App.––Fort Worth 2010, orig. proceeding [mand. denied]). 

 

Applicable
Law

Section
156.006 of the family code provides that 

(b) While a suit for
modification is pending, the court may not render a temporary
order that has the effect of changing the designation of the
person who has the exclusive right to designate the primary residence of the
child under the final order unless the temporary order is in the best interest of the child and: 

 

(1) the order is
necessary because the child’s present circumstances would significantly impair
the child’s physical health or emotional development; 

 

(2) the person
designated in the final order has voluntarily relinquished the primary care and
possession of the child for more than six months; or 

 

(3) the child is 12
years of age or older and has expressed to the court in chambers as provided by
Section 153.009 the name of the person who is the child’s preference to have
the exclusive right to designate the primary residence of the child. 

 

Tex.
Fam. Code Ann. § 156.006(b).  The only exception applicable in this case
is whether “the order is necessary because the child’s present circumstances
would significantly impair the child’s physical health or emotional
development.”  Id. § 156.006(b)(1). 

Discussion

Father’s
motion for temporary orders alleged, “The continued denial of visitation to
[Father] in violation of the Court’s order is paramount to abuse.”  To his
motion he attached the social study that was prepared on August 17, 2009.  The
social study noted that M.C. sees Father, not her biological father, “as her
father.”  A counselor who saw M.C. in 2009 said that cutting off contact
between M.C. and Father was “callused” and has caused M.C. to miss her brothers
and Father’s extended family whom “she grew up with since birth.”  Father also
attached an affidavit of Larry Lohman, a counselor to Father and the two other
children.  Lohman testified that the boys told him that M.C. is not allowed to
play with them at Mother’s house, which would leave M.C. “sad and pouting.”

At
the hearing on Father’s motion, Father testified that he was seeking the
temporary orders because M.C. “is not getting the proper counseling or help
that she needs going through this whole process.”  He believed that Mother’s continued
denial to let M.C. spend time with her brothers was having “an adverse psychological
effect” on her.  When Father would get visitation with M.C., she did not want
to return home and asked to stay longer.  Father stated that M.C. saw Lohman
twice and that Lohman could “tell that she was a little depressed.”

Lohman
testified that he believed it was in M.C.’s best interest to be in Father’s
custody because “what [he has] understood is that she has not been handled in a
manner that would be consistent with what [he] would think of as good
parenting.”  Specifically, he believes Mother has created confusion in M.C.’s
mind as to who M.C.’s father is.  This confusion “would set her up for having
problems much later on in life, relationship problems specifically, trust
issues particularly, and a lot of basic uncertainty about who she is, where she
comes from, and how she has developed into the person that she develops into.” 
When asked if his opinion was that it was detrimental to M.C. to be denied
visitation, he responded, “I’m sure that it really hurts her emotionally.  I’m
sure that she experiences a tremendous sense of loss.”  He also testified that
it would be emotionally hurtful to M.C. if she were removed from her Mother and
sister.  He said that “any situation that alienates one parent from the child
is essentially going to harm the child in doing so.”

Although
we recognize that Mother’s behavior in refusing to allow Father’s visitation
has made it difficult for him to gather the evidence necessary to meet the
statutory burden, the evidence that was presented does not demonstrate that
M.C.’s present circumstances significantly impair her physical health or
emotional development. See Tex. Fam. Code Ann. § 156.006(b)(1). 
The social study that was completed almost three years before the hearing is
not evidence of M.C.’s present circumstances.  See In re Rather,
No. 14-11-00924-CV, 2011 WL 6141677, at *2 (Tex. App.––Houston [14th Dist.]
Dec. 8, 2011, orig. proceeding) (mem. op.).  Father only testified that M.C.
was depressed when she had to leave him and that he believes that she needs counseling
to deal with the divorce and custody proceedings.  He did not testify to any
specific harm to M.C.’s emotional development.  See In re Strickland,
358 S.W.3d 818, 822–23 (Tex. App.—Fort Worth 2012, orig. proceeding) (“Because
each child’s circumstances are different, conditions that could significantly
impair the emotional development of one child may not affect another child as
strongly.  Thus, specific allegations as to how a child’s emotional
development will be significantly impaired are statutorily required.”).  The
counselor’s testimony, because he has not counseled M.C. personally, amounts to
nothing more than conjecture about what may happen in the future. Although this
is evidence of emotional distress, it is not evidence of a significant impairment
by M.C.’s current circumstances as required by the statute.  See id. (holding
that evidence that the children “will likely experience emotional distress from
separation and loss” is not evidence of significant impairment of their
emotional development that is required by section 156.006 (b)(1)); In re
Payne, No. 10-11-00402-CV, 2011 WL 6091265, at *2 (Tex. App.—Waco Dec. 2,
2011, orig. proceeding) (mem. op.) (“[T]he standard for making a modification
in a temporary order that has the effect of changing the designation of the
person who has the exclusive right to designate the primary residence of the
child has been set very high by the Legislature in requiring the finding of
significant impairment.”).  

Father’s
general allegations here do not show that M.C.’s present circumstances would
significantly impair her emotional development.  Because section
156.006(b) precludes the trial court from issuing a temporary
order effecting a change in the designation of the person
having the right to designate the primary residence of the child, in the
absence of evidence triggering a statutory exception to this prohibition, we
are compelled to conclude that the trial court abused its discretion by granting
Father the right to designate M.C.’s primary residence.  See Tex.
Fam. Code Ann. § 156.006(b); Strickland, 358 S.W.3d at 822. 

 

 

Conclusion

Having
determined that Mother and L.B. are entitled to relief, we conditionally
grant their petition for writ of mandamus,
and we order the trial court to vacate its March 25, 2012 order.  The writ will issue only if the trial court fails to comply with
this order.  

 

 

PER CURIAM

 

PANEL:  GABRIEL, GARDNER,
and MCCOY, JJ.

MCCOY, J., concurs without
opinion. 

DELIVERED:  August 24, 2012








 









[1]See Tex. R. App. P. 47.4.





[2]We denied Mother’s motion
for emergency relief in a previous order.