

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00390-CV

_____

IN RE S.B., Relator

_____

Original Proceeding
367th District Court of Denton County, Texas
Trial Court No. 20-7148-367

_____

Before Kerr, Birdwell, and Womack, JJ.
Memorandum Opinion by Justice Kerr

# MEMORANDUM OPINION

Relator (Mother) seeks mandamus relief from the trial court's ordering intensive reunification counseling for her children and real party in interest (Father) in this suit affecting the parent–child relationship. Mother specifically contends that the trial court abused its discretion by (1) issuing its order at a hearing on an unrelated motion, (2) failing to notify Mother that intensive reunification counseling would be addressed at the hearing, (3) ordering counseling without an evidentiary hearing, (4) improperly changing the parties' conservatorship terms, and (5) ordering counseling without a child-custody evaluation. Because the trial court clearly abused its discretion and because Mother lacks an adequate remedy by appeal, we conditionally grant mandamus relief.

## I. Background

This original proceeding arises from a dispute over enforcement of temporary orders issued in Mother's suit to modify conservatorship. Under the parties' current agreed order—which Mother sought to modify—the parties are joint managing conservators, and Mother has the right to designate the children's primary residence. The temporary orders retain these designations but impose other requirements such as reunification therapy and Father's supervised possession.

When disputes arose over Mother's compliance with the temporary orders, the parties filed motions to modify the temporary orders, and Father filed motions to enforce the temporary orders. The dispute culminated with a July 28, 2023 hearing on

2

Father's latest motion to enforce. Father's motion alleged that Mother had committed five specific temporary orders' violations and sought enforcement by contempt.

The trial court opened the hearing by expressly stating that it would not take up any matters other than Father's motion to enforce. Nonetheless, the trial court permitted a court-appointed counselor to testify about parenting issues beyond the scope of Father's motion and over Mother's objections. The counselor specifically discussed indications that the children had become alienated from Father. She concluded by recommending "a more intense approach to reunification therapy" and referring the court to two therapists with "intensive reunification program[s]."

The trial court found that mother had violated certain temporary orders' terms, held her in contempt, and placed her on community supervision. The trial court stated that Mother's community supervision would also require her to comply with an intensive reunification therapy program that it "ha[d]n't figured out yet" and set a hearing to determine the program's details.

At the hearing on September 27, 2023, the trial court issued an order for intensive reunification counseling (Counseling Order) over Mother's objections. The order required Father and the children to attend an initial counseling session in Austin, Texas, on October 20, 2023, for a four-day "reunification program." A ninety-day "*No Contact Phase*" (Phase I) followed the initial session in which neither Mother nor the children could contact one another. Phase I would terminate only when the trial court concluded that "90 days [had] elapsed wherein [Mother] and the children have no contact," and

Mother had written a letter to the children acknowledging her behavior that necessitated counseling. In Phase II, Father's child-support obligations would be suspended. Additionally, although Mother currently has the right to designate the children's primary residence, Father would have the right to possess the children "at all times not specifically designated" for Mother. During this phase, Mother would have possession only on certain weekends, over Christmas, and for at least two hours on the children's birthdays. This phase would last for at least twelve weeks. Once the trial court was satisfied that the parties had completed the program, including restarts for various identified violations, if any, it would consider "new orders concerning possession, access, and child support."

The trial court also issued a contempt order that conditioned Mother's community supervision on her compliance with the Counseling Order.

At a hearing on October 16, 2023, to address amicus counsel's motion for clarification and Father's motion to modify the temporary orders by giving him the right to designate the children's primary residence in Kansas, the trial court stressed that it would not delay the ordered counseling but that it would deny Father's motion to modify the temporary orders. The trial court has not issued an order from this hearing.

Mother filed her mandamus petition and motion for emergency relief, requesting a stay of the trial court's Counseling Order on October 18, 2023. We granted the motion

4

and ordered Father's response. In his response, Father agrees that mandamus relief should be granted.[1]

## II. Discussion

In two issues, Mother contends that the trial court abused its discretion by issuing the Counseling Order and by conditioning her community supervision upon compliance with the Counseling Order.

### A. Standard of Review

Mandamus relief is an extraordinary remedy. *In re Acad., Ltd.*, 625 S.W.3d 19, 25 (Tex. 2021) (orig. proceeding). The party seeking mandamus relief must show both that the trial court clearly abused its discretion and that the party has no adequate remedy by appeal. *In re Allstate Indem. Co.*, 622 S.W.3d 870, 875 (Tex. 2021) (orig. proceeding).

A trial court abuses its discretion when a decision is arbitrary, unreasonable, and without reference to guiding principles. *Id.*; *see Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). An error of law or an erroneous application of the law to the facts is always an abuse of discretion. *See In re Geomet Recycling LLC*, 578 S.W.3d 82, 91–92 (Tex. 2019) (orig. proceeding). "Because a trial court's temporary

---

[1]Although Father disagrees with Mother's characterization of certain events described in her mandamus petition, he does not limit his request that we grant all mandamus relief requested in Mother's petition. Accordingly, we do not address Father's points.

orders are not appealable, mandamus is an appropriate means to challenge them." *In re Strickland*, 358 S.W.3d 818, 820 (Tex. App.—Fort Worth 2012, orig. proceeding).

## B. Analysis

A court may not render a temporary order that effectively changes the designation of the person who has the exclusive right to designate the child's primary residence unless it is in the best interest of the child and is "necessary because the child's present circumstances would significantly impair [her] physical health or emotional development." Tex. Fam. Code Ann. § 156.006(b)(1).[2] Section 156.006 imposes a high burden on the movant to present evidence meeting this requirement. *In re J.W.*, No. 02-18-00419-CV, 2019 WL 2223216, at *3 (Tex. App.—Fort Worth May 23, 2019, orig. proceeding); *see also In re Serio*, No. 03-14-00786-CV, 2014 WL 7458735, at *2 (Tex. App.—Austin Dec. 23, 2014, orig. proceeding) (mem. op.) ("Texas courts have recognized that the 'significant impairment' standard in section 156.006(b)(1) is a high one, requiring evidence of bad acts that are more grave than violation of a divorce decree or alienation of a child from a parent." (citations omitted)).

Mother asserts that the trial court's Counseling Order effectively changed the primary-residence designation. We agree, and Father does not contest this assertion. In fact, as previously noted, the Counseling Order could permanently change even the parties' conservatorship designations and child-support obligations.

---

[2]This provision contains other permissible grounds that do not apply here. *See* Tex. Fam. Code Ann. § 156.006(b)(2), (3).

The trial court could not issue such an order without a specific pleading seeking this relief, issuing an adversarial-hearing notice, and receiving evidence supporting the order. *See* Tex. Fam. Code Ann. § 156.006(b)(1); *J.W.*, 2019 WL 2223216, at *3; *Strickland*, 358 S.W.3d at 822–23 ("[S]pecific allegations as to how a child's emotional development will be significantly impaired are statutorily required."); Tex. R. Civ. P. 21(a); Tex. Fam. Code Ann. § 156.004 ("The Texas Rules of Civil Procedure applicable to the filing of an original lawsuit apply to a suit for modification under this chapter."); *see also* Tex. Fam. Code Ann. § 105.001(b) (requiring notice and hearing before a court may modify a temporary conservatorship); *Id.* § 105.003(a) (temporary orders' hearings must be conducted "as in civil cases generally").

The record reflects that the trial court decided to order intensive reunification counseling at the July 28, 2023 hearing on Father's motion for enforcement of the temporary orders. Despite stressing that it would not hear any other motion, "unless we have an agreement of the parties," and over Mother's objections, the trial court heard testimony and ordered counseling on terms that it "ha[d]n't figured out yet." Yet Father's motion for enforcement did not notice, much less request, this relief. Without notice that the trial court would take up the counseling issue, Mother could not prepare and present evidence to rebut the counselor's testimony.[3] *See In re Chester*, 357 S.W.3d

---

[3]Mother also asserts that the trial court issued the Counseling Order without first obtaining a child-custody evaluation. Father does not respond to this assertion. Regardless, because this assertion does not affect our ruling, we do not address it. Tex. R. App. P. 47.1.

7

103, 107 (Tex. App.—San Antonio 2011, orig. proceeding) (holding that relator was not able to prepare and present evidence when trial court sua sponte modified temporary orders at hearing on unrelated motion).

Accordingly, we hold that the trial court abused its discretion by issuing the Counseling Order and conditioning Mother's community supervision on compliance with that order. Having already concluded that Mother has no adequate remedy by appeal, *see Strickland*, 358 S.W.3d at 820, we sustain her two issues.

### III. Conclusion

Having sustained Mother's issues, we conditionally grant the writ of mandamus and release the stay. The trial court is ordered to vacate its September 27, 2023 Order for Intensive Reunification Counseling and amend its September 27, 2023 Order Holding Respondent in Contempt and Suspending Commitment to remove any provision requiring compliance with the Counseling Order. Our writ will issue only if the trial court fails to comply.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: November 22, 2023