

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

### NO. 02-11-00501-CV

IN RE LORIN A. STRICKLAND

----------

ORIGINAL PROCEEDING

----------

## OPINION

----------

This original proceeding concerns whether a trial court's temporary order in a modification proceeding fails to comply with section 156.006(b) of the family code. Tex. Fam. Code Ann. § 156.006(b) (West Supp. 2011). Because we hold that it does, we conditionally grant relief.

## Background

Relator, Mother, and real party in interest, Father, were divorced on January 29, 2010. The agreed decree named them joint managing conservators of their two children. Additionally, the trial court named Mother the parent with the exclusive right to designate the primary residence of the children. The decree did not contain any geographic limitation on Mother's right to designate the children's primary residence.

In November 2011, Father filed a petition to modify the parent-child relationship and an application for a temporary restraining order. In the attached affidavit, Father averred that Mother was planning to move to Florida before 2012 to live with her boyfriend, who intended to support the children. He also averred that he wanted to prevent Mother from "removing the children from their schools in Texas, their social functions in Texas, and their sports teams in Texas and specifically their family in Texas, including" Father. The trial court granted Father a temporary restraining order on November 22, 2011, restricting the children's residence to "Denton and contiguous counties within Texas." The trial court also set a hearing date for December 5, 2011.

At the hearing, Father asked that a social study be prepared and that the children not be allowed to move "until the [c]ourt renders a final decision that social studies put in place." The trial court ordered that a social study be prepared "as quickly as possible" and further stated, "I will order that the parties remain in the area until the social study can be completed, and they not be moved to any other location where they will not be available for purposes of getting the information needed for the social study."

Mother subsequently filed a petition for writ of mandamus. We granted her motion for emergency relief and stayed the trial court's December 5, 2011 order on December 12, 2011.

### Standard of Review

Mandamus relief is proper only to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Columbia Med. Ctr. of Las Colinas*, 290 S.W.3d 204, 207 (Tex. 2009) (orig. proceeding).

A trial court clearly abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *In re Olshan Found. Repair Co.*, 328 S.W.3d 883, 888 (Tex. 2010) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). With respect to the resolution of factual issues or matters committed to the trial court's discretion, we may not substitute our judgment for that of the trial court unless the relator establishes that the trial court could reasonably have reached only one decision and that the trial court's decision is arbitrary and unreasonable. *In re Sanders*, 153 S.W.3d 54, 56 (Tex. 2004) (orig. proceeding); *Walker*, 827 S.W.2d at 839–40. In other words, we give deference to a trial court's factual determinations that are supported by evidence, but we review the trial court's legal determinations de novo. *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding).

Because a trial court's temporary orders are not appealable, mandamus is an appropriate means to challenge them. *See In re Derzapf*, 219 S.W.3d 327, 334–35 (Tex. 2007) (orig. proceeding); *In re Russell*, 321 S.W.3d 846, 853 (Tex. App.—Fort Worth 2010, orig. proceeding [mand. denied]).

### Applicable Law

Section 156.006 of the family code provides that

> (b) While a suit for modification is pending, the court may not render a temporary order that has the effect of changing the designation of the person who has the exclusive right to designate the primary residence of the child under the final order unless the temporary order is in the best interest of the child and:

3

(1) the order is necessary because the child's present circumstances would significantly impair the child's physical health or emotional development;

(2) the person designated in the final order has voluntarily relinquished the primary care and possession of the child for more than six months; or

(3) the child is 12 years of age or older and has expressed to the court in chambers as provided by Section 153.009 the name of the person who is the child's preference to have the exclusive right to designate the primary residence of the child.

Tex. Fam. Code Ann. § 156.006(b).

A temporary order that deprives a custodial parent of any discretion inherent in the right to determine the child's primary residence has the effect of changing the designation of the person with the exclusive right to designate the child's primary residence. *In re Payne*, No. 10-11-00402-CV, 2011 WL 6091265, at *2 (Tex. App.—Waco Dec. 2, 2011, orig. proceeding) (mem. op.); *In re Winters*, No. 05–08–01486–CV, 2008 WL 5177835, at *2 (Tex. App.—Dallas Dec. 11, 2008, orig. proceeding) (mem. op.). The Dallas and Waco Courts of Appeals, in similar factual circumstances, have both held that a trial court's temporary order imposing a geographic restriction on a child's residence when there is no geographic restriction in the decree is a change in the designation of the person who has the exclusive right to designate the primary residence in violation of section 156.006(b). *Payne*, 2011 WL 6091265, at *2; *Winters*, 2008 WL 5177835, at *3. We agree with the reasoning of these cases and hold that the trial court's order that the children remain "in the area" pending the

4

preparation of social studies has the effect of changing the designation of the parent with the primary right to determine the children's residence under the decree because it imposes a restriction whereas the decree has none. *See* Tex. Fam. Code Ann. § 156.006(b); *Payne*, 2011 WL 6091265, at *2; *Winters*, 2008 WL 5177835, at *3.

Thus, because we have determined that the trial court's order does effect such a change, we must determine whether any of the statutory exceptions apply. The only exception that could apply in this case is subsection (b)(1): whether "the order is necessary because the child's present circumstances would significantly impair the child's physical health or emotional development." Tex. Fam. Code Ann. § 156.006(b)(1).

Father did not attach any evidence to his motion to modify, but he did attach an affidavit to his request for a temporary restraining order, which was filed about half an hour later. The affidavit alleges the following:

> . . . Respondent is currently unemployed and dating a man that is looking to support her financially. She has stated to both myself and the children on numerous accounts and against both mine and the children's wishes that she plans on moving with the children to Florida prior to 2012, in order to be with her new boyfriend and for him to support her and the children. This would not be in the children's best interests and would cause them harm.

> . . . . I wish more than anything to prevent Respondent from removing the children out of the state of Texas permanently. Specifically, I would like to prevent Respondent from removing the children from their schools in Texas, their social functions in Texas, and their sports teams in Texas and specifically their family in Texas, including myself. It is in the children's best interest to remain in Texas and allowing them to move outside of Texas would cause

5

irreparable harm to the children's emotional health. My children are actively involved in school related [sic] and have strong connections with their friends and family members that live close by.

Both my children have a strong support system in the Dallas Fort-Worth area; they have 2 great grandmothers, 2 paternal grandparents, 2 aunts and an uncle, and their father. In Florida, the children do not have any such support system, as they will not know anyone. In addition, I am concerned because the Respondent has no job or source of income and is relying on her current boyfriend. Thus, if their relationship may end, my children would be residing with a parent with no income and further . . . Respondent may be forced to return back to Texas or to another state where she can have financial support.

Moving with the children outside of Texas, and withdrawing the children from school is preventing them from attending any and all their regular social activities here in Texas and would cause irreparable damage to both children as they would be traumatized. I believe that this will have an extremely harmful effect on my children's wellbeing and it is imperative to create a sense of stability and a lack of harm for [them]. It is in their best interest to remain here in Texas where their schools are located, their doctors are located, their family and friends are located, and their father is located.

The parties did not present any new evidence at the December 5 hearing; the trial court only heard argument from counsel.

Father did not allege that the children would suffer any significant impairment of their physical development by moving out of state other than speculation that they could be left without resources if relator's relationship with her boyfriend ended.[1] He did allege that moving them would emotionally harm the children; however, he did not allege any specific impairment to their

---

[1] At the hearing, Mother's counsel stated that Mother was moving to Florida to get married.

emotional development other than being separated from their family, friends, and normal activities in Texas. Although this is evidence that the children will likely experience emotional distress from separation and loss, it is not by itself evidence of significant impairment of their emotional development as required to trigger the statutory exception. *See, e.g., In re Rather*, No. 14-11-00924-CV, 2011 WL 6141677, at *2 (Tex. App.—Houston [14th Dist.] Dec. 8, 2011, orig. proceeding) (mem. op.); *In re Payne*, 2011 WL 6091265, at *2; *In re Winters*, 2008 WL 5177835, at *3.

Father contends that this case is unlike those cited above because in those cases the parents were attempting to move within the State of Texas. But section 156.006 does not distinguish between geographical restrictions within or outside of the state, nor have we found any cases holding that a parent's move outside of the state constitutes *significant* impairment per se to a child's emotional development. *Cf. Mobley v. Mobley*, 684 S.W.2d 226, 229 (Tex. App.– –Fort Worth 1985, writ dism'd) (determining that evidence showing that the child feared moving, that the child would not be able to see his younger sibling for months or years because of the prohibitive cost of travel to Panama, and that a psychologist concluded that moving the child away from his mother and sibling could prove to be detrimental to his mental health was sufficient evidence of significant impairment to require trial court to hold hearing on motion to modify). Because each child's circumstances are different, conditions that could significantly impair the emotional development of one child may not affect another child as strongly. Thus, specific allegations as to how a child's emotional development will be significantly impaired are statutorily required. Father's

7

general allegations here do not show that the children's present circumstances would significantly impair their emotional development.  Based on the prohibition codified in family code section 156.006(b) precluding the trial court from issuing a temporary order effecting a change in the designation of the person having the right to designate the primary residence of the child, and the absence of evidence triggering a statutory exception to this prohibition, we are compelled to conclude that the trial court abused its discretion by ruling that the children must remain "in the area" pending the preparation of a social study.  *See* Tex. Fam. Code Ann. § 156.006; *In re Rather*, 2011 WL 6141677, at *2; *In re Payne*, 2011 WL 6091265, at *2; *In re Winters*, 2008 WL 5177835, at *3.

## Conclusion

Having determined that Mother is entitled to relief, we conditionally grant Mother's petition for writ of mandamus, and we order the trial court to vacate its December 5, 2011 ruling.[2]  Mandamus will issue only if the trial court fails to comply with this order.  Upon the trial court's compliance with this order, our December 12, 2011 stay order will automatically be lifted.

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; WALKER and MCCOY, JJ.

MCCOY, J., dissents without opinion.

DELIVERED:  January 10, 2012

---

[2]Our ruling should not be construed as preventing the continuation of the motion to modify proceeding; it applies to the December 5, 2011 temporary order only.