

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-17-00225-CV

IN RE KELSEY LYNN ESTES, RELATOR

Original Proceeding
Arising From Proceedings Before the 100th District Court
Carson County;
Trial Court Cause No. 11591; Honorable Stuart Messer, Presiding

July 19, 2017

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Relator, Kelsey Lynn Estes, seeks a writ of mandamus compelling respondent, the Honorable Stuart Messer, Judge of the 100th District Court of Carson County, to vacate temporary orders in a suit for modification brought by real party in interest Jared W. Guerrero. Estes and Guerrero are the parents of two-year-old R.C.E. Estes contends the trial court abused its discretion because it had a mandatory duty to transfer venue to Gray County before entering those temporary orders. She also contends the evidence at the temporary-orders hearing was insufficient to support a statutory exception to the rule that a court may not render temporary orders changing

the designation of the person having the exclusive right to designate the primary residence of a child.[1]  Because we agree that the necessary evidentiary showing was not made, we will conditionally grant the relief requested.

BACKGROUND

Estes and Guerrero were never married; however, in June 2015, the 100th District Court of Carson County issued an order appointing them as joint managing conservators of R.C.E., with Estes having the exclusive right to establish the child's domicile, without regard to geographic location.  Guerrero was given visitation rights according to a standard possession order and he was ordered to pay child support and medical support.

On March 14, 2017, Guerrero filed, in the 100th District Court, a motion to modify in suit affecting the parent-child relationship.  In addition to seeking permanent relief, the motion sought temporary orders concerning the immediate possession of the child and the right to establish the child's primary residence.[2]  Notwithstanding the absence of an affidavit required by the Texas Family Code as a prerequisite to scheduling a hearing on temporary orders, a hearing on Guerrero's request for temporary orders was scheduled for March 31, 2017.  On March 24, 2017, Estes filed a motion to transfer venue to Gray County, contending the child and both parents resided in that county during the six-month period preceding the commencement of the motion to modify.  Guerrero never

---

[1] TEX. FAM. CODE ANN. § 156.006(b)(1) (West Supp. 2016).

[2] At the time of filing, Guerrero did not attach to the motion an affidavit, as required by the Texas Family Code stating that, based on personal knowledge, the child's present circumstances would significantly impair the child's physical health or emotional development.  *See* TEX. FAM. CODE ANN. § 156.006(b-1) (West Supp. 2016).  The required affidavit was, however, subsequently filed on March 30, 2017.

filed an affidavit controverting the motion to transfer. Estes also filed an answer to Guerrero's motion to modify and an objection to the temporary order hearing.

A temporary order hearing was held on March 31, 2017. Testimony at that hearing established that the child had a non-suspicious, "pinky-finger-sized" abscess on her bottom for which both parents had sought medical treatment. Otherwise, the testimony tended to establish that the child was a well-nourished, happy little girl, currently being potty trained. The child was on track developmentally and, other than the abscess, was a healthy child, current on her vaccinations. Based on a report filed by Guerrero, CPS investigated the matter concerning the abscess and found no basis for an allegation of child neglect or endangerment. Other than the abscess, the only testimony concerning the child's mental health or emotional development was vague accusations that Estes associated with persons of questionable character and that she exhibited behaviors Guerrero and his wife associated with the use of methamphetamine. During her testimony, Estes specifically denied using methamphetamine. At the conclusion of that hearing, the trial court ordered both parties to submit to a "ten-panel hair follicle drug test" that same day. He further indicated that he would withhold his ruling on Guerrero's request for temporary orders until he received those results. Without reconvening a hearing or receiving any other admissible evidence,[3] on May 31, 2017, the trial court entered temporary orders granting Guerrero the exclusive right to designate the primary residence of R.C.E.

---

[3] On May 11, 2017, Guerrero did file a report pertaining to a 5-panel test indicating no drug usage. On May 15, 2017, Estes filed reports pertaining to a 10-panel test indicating no drug usage and a 5-panel test that was positive for "THC Metabolite," indicating marijuana usage. None of the drug test results were supported by a business records affidavit.

Estes filed her petition for writ of mandamus on June 30, 2017, and, at our request, Gurrero filed a response on July 17, 2017.

ANALYSIS

Through three issues, Estes contends the trial court abused its discretion by (1) failing to transfer the case to Gray County, (2) entering a temporary order that changed the designation of the person with exclusive right to establish the child's domicile, and (3) entering a temporary order after expiration of the time for the mandatory venue transfer. Estes further alleges she has no adequate remedy by appeal.

Mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no adequate remedy by appeal. *Walker v. Packer,* 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding); *In re Johnson,* No. 07-16-00123-CV, 2016 Tex. App. LEXIS 4827, *6 (Tex. App—Amarillo May 5, 2016, orig. proceeding). Accordingly, we defer to a trial court's factual determinations having evidentiary support, but we review de novo the trial court's legal determinations. *In re Labatt Food Serv., L.P.,* 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding); *In re Johnson,* 2016 Tex. App. LEXIS 4827, at *6. "A trial court has no 'discretion' in determining what the law is or applying the law to the facts." *Walker,* 827 S.W.2d at 840; *In re Johnson,* 2016 Tex. App. LEXIS 4827, at *7.

Because a trial court's temporary orders are not appealable, mandamus is an appropriate remedy. *In re Strickland,* 358 S.W.3d 818, 820 (Tex. App.—Ft. Worth 2012) (orig. proceeding) (citing *In re Derzapf,* 219 S.W.3d 327, 334-35 (Tex. 2007) (orig. proceeding) (per curiam)); *In re Ostrofsky,* 112 S.W.3d 925, 928 (Tex. App.—Houston

[14 Dist.] 2003, orig. proceeding) (holding that because temporary orders, entered while a motion to modify in a suit affecting the parent-child relationship is pending, are not subject to interlocutory appeal, mandamus is an appropriate means for challenging these orders).

During the pendency of a suit for modification, the Texas Family Code generally prohibits a trial court from issuing temporary orders changing the designation of the person with the right to determine a child's primary residence. TEX. FAM. CODE ANN. § 156.006(b) (West Supp. 2016). There are three statutory exceptions to this rule. *Id.* at § 156.006(b)(1)-(3). *See In re Johnson,* 2016 Tex. App. LEXIS 4827, at *7. Although the trial court did not specify the basis of its ruling, under the facts of this case, the only exception applicable would be subsection (b)(1). That subsection provides:

> While a suit for modification is pending, the court may not render a temporary order that has the effect of changing the designation of the person who has the exclusive right to designate the primary residence of the child under the final order unless the temporary order is in the best interest of the child and . . . the order is necessary because the child's present circumstances would significantly impair the child's physical health or emotional development[.]

*Id.* at § 156.006(b)(1).

In her petition, Estes focuses her abuse of discretion argument on two points: (1) the failure of the trial court to transfer venue to Gray County pursuant to the mandatory provisions of section 155.204(c) of the Texas Family Code and (2) the absence of evidence demonstrating that R.C.E.'s present circumstances would significantly impair her physical health or emotional development.

5

(1) MANDATORY TRANSFER

Section 155.204(c) of the Texas Family Code provides that "[i]f a timely motion to transfer has been filed and no controverting affidavit has been filed within the period allowed for its filing, the proceeding shall, not later than the 21st day after the final date of the period allowed for the filing of a controverting affidavit, be transferred without a hearing to the proper court." *Id.* at § 155.204(c) (West 2014). As applicable to the facts of this case, a motion to transfer venue is timely "if it is made on or before the first Monday after the 20th day after the date of service of citation or notice of the suit or before the commencement of the hearing, whichever is sooner." *Id.* at § 155.204(b). Because the motion to transfer filed by Estes was filed within that time period, it was timely. Therefore, in order to avoid a mandatory transfer of venue, "[o]n or before the first Monday after the 20th day after the date of notice of a motion to transfer is served, a party desiring to contest the motion must file a controverting affidavit denying that grounds for the transfer exist." *Id.* at § 155.204(d). Accordingly, under the facts of this case, Guerrero had until Monday, April 17, 2017, to file a controverting affidavit. *See id. See also* TEX. R. CIV. P. 21a. Because Guerrero did not file a controverting affidavit, the trial court had a mandatory ministerial duty to transfer venue to Gray County on May 8, 2017. *See* TEX. FAM. CODE ANN. § 155.204(c) (West 2014). Estes contends the trial court's temporary orders are void because they were issued after this date. We disagree.

"During the transfer of a suit from a court with continuing, exclusive jurisdiction, the transferring court retains jurisdiction to render temporary orders." *Id.* at § 155.005(a). "The jurisdiction of the transferring court terminates on the docketing of the

6

case in the transferee court." *Id.* at § 155.005(b). A mandatory duty to do something is not the functional equivalent of actually doing that thing. Therefore, because the trial court never entered an order transferring venue and, resultantly, the transferee court never docketed the case, the 100th District Court retained jurisdiction to enter temporary orders in accordance with the provisions of the Texas Family Code. Accordingly, issues one and three are overruled.

(2) EVIDENCE OF SIGNIFICANT IMPAIRMENT

By her second issue, Estes contends the trial court abused its discretion by entering a temporary order changing the designation of the person who has the exclusive right to designate the primary residence of the child because the evidence was insufficient to establish that to do so was necessary to protect the child from present circumstances that would significantly impair the child's physical health or emotional development. We agree.

Estes points to the absence of evidence showing that R.C.E.'s physical health or emotional development was substantially endangered while the child was in her possession. In his response, Guerrero details and relies on Estes's drug test results and the implication that R.C.E. would be endangered by an environment where drugs were being used. He contends that because Texas law allows drug usage to legally justify much harsher outcomes for parent-child relationships, to-wit: termination of parental rights, then certainly a parent's use of drugs should qualify as a present circumstance that would significantly impair a child's physical health and emotional development.

7

First of all, we must keep in mind that, although the trial court may have relied upon the drug test lab results filed, those reports were never properly authenticated or offered into evidence, nor were they filed in an admissible form. Furthermore, even if we were to consider those reports as being properly before the trial court, all they showed was that Estes tested positive for marijuana use, while Guerrero tested negative, based on a drug test not authorized by the court; and, Estes tested negative on the drug test authorized, whereas Guerrero never submitted any test results complying with the trial court's order. Little is said of the abscess on the child's bottom other than that it was small, unremarkable, not the result of neglect or abuse, and that it was being medically treated by both parties.

Under this state of the record, we agree with the assessment expressed by the Waco court of appeals when it noted, "the standard for making a modification in a temporary order that has the effect of changing the designation of the person who has the exclusive right to designate the primary residence of the child has been set *very high* by the Legislature in requiring the finding of *significant* impairment." *In re Payne,* No. 10-11-00402-CV, 2011 Tex. App. LEXIS 9611, at *6 (Tex. App.—Waco Dec. 2, 2011, orig. proceeding) (mem. op.) (emphasis added). Under that standard, we find there is insufficient evidence establishing a subsection (b)(1) exception. Accordingly, we conclude the trial court abused its discretion by rendering temporary orders that changed from Estes to Guerrero the right to designate R.C.E.'s primary residence. Because Estes has no adequate remedy by appeal, we conditionally grant her petition for a writ of mandamus.

CONCLUSION

In that we are confident the trial court will vacate its May 31, 2017 temporary order granting Guerrero the exclusive right to designate the primary residence of R.C.E., we order that the writ issue only if the trial court fails to do so upon presentation of an order in accordance with this opinion.[4]


Patrick A. Pirtle
Justice

---

[4] The parties will understand that this opinion addresses only the relief granted by the temporary orders, and we express no opinion on either party's entitlement to relief under the pending petition.

9