

# NUMBER 13-22-00342-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE K.T.

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Tijerina**
**Memorandum Opinion by Justice Longoria[1]**

On July 22, 2022, relator K.T.[2] filed a petition for writ of mandamus seeking to compel the trial court to vacate temporary orders that "ha[d] the effect of . . . changing the designation[] of the person who has the exclusive right to designate the primary residence

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] Given the highly sensitive nature of the allegations in this original proceeding, we use initials to identify the parties.

of the child," and that had "the effect of . . . changing the geographic area[] within which a conservator must maintain the child's primary residence." *See* TEX. FAM. CODE ANN. § 156.006(b). Relator asserts that real party in interest, K.B., failed to meet the high statutory burden to show that the temporary orders were in the child's best interest and the child's present circumstances would significantly impair the child's physical health or emotional development. *See id.* § 156.006(b)(1).

"Mandamus relief is an extraordinary remedy requiring the relator to show that (1) the trial court clearly abused its discretion and (2) the relator lacks an adequate remedy on appeal." *In re Acad., Ltd.*, 625 S.W.3d 19, 25 (Tex. 2021) (orig. proceeding); *see In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36, 138 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). Because a trial court's temporary orders are not appealable, mandamus is an appropriate vehicle for review. *See In re Derzapf*, 219 S.W.3d 327, 334–35 (Tex. 2007) (orig. proceeding) (per curiam); *In re Walser*, No. 04-21-00291-CV, 2021 WL 4296048, at *1, __ S.W.3d __, __ (Tex. App.—San Antonio Sept. 22, 2021, orig. proceeding); In re Strickland, 358 S.W.3d 818, 820 (Tex. App.—Fort Worth 2012, orig. proceeding); *In re Ostrofsky*, 112 S.W.3d 925, 928 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by K.B., the record, and the applicable law, is of the opinion that relator has not met her burden to obtain mandamus relief. *See* TEX. FAM. CODE ANN. § 156.006; *In re Walser*, 2021 WL 4296048, at *2, __ S.W.3d at __; *In re Strickland*, 358 S.W.3d 818, 822–23 (Tex. App.—Fort Worth 2012, orig. proceeding); *see also In re Suarez*, No. 13-

21-00379-CV, 2021 WL 6067350, at *3 (Tex. App.—Corpus Christi–Edinburg Dec. 22, 2021, orig. proceeding [mand. denied]) (mem. op.) (collecting and discussing cases). We deny the petition for writ of mandamus.

NORA L. LONGORIA
Justice

Delivered and filed on the
9th day of August, 2022.