

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-24-00183-CV

———————————————————

IN RE A.B., Relator

———————————————————

Original Proceeding
271st District Court of Wise County, Texas
Trial Court No. CV-22-08-593

———————————————————

Before Sudderth, C.J.; Kerr and Wallach, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

Relator A.B. (Father) filed this petition for writ of mandamus seeking to compel the trial court to vacate both its written temporary restraining order prohibiting Father from changing the primary residence of P.B. (Child) and its oral temporary injunction to the same effect.[1] Real Party in Interest S.B. (Mother) was given an opportunity to file a response by noon on April 29, 2024. She filed neither a response nor a request for more time by that deadline. Because the agreed divorce decree did not prohibit Father from changing Child's primary residence and because Mother did not show that the move would significantly impair the child's physical health or emotional development, we conditionally grant Father's petition.

## I. BACKGROUND

Father and Mother entered an agreed divorce decree that the trial court signed on February 13, 2024. The couple had one child, eight-year-old Child.

The trial court appointed Father and Mother as joint managing conservators, and it accorded Father the exclusive right to designate Child's primary residence within Wise County and contiguous counties until modified by a court order or by the parties' filed written agreement. The decree, however, provided for an exception: "It is further ordered that this geographic restriction on the residence of [Child] shall be lifted if, at the time [Father] wishes to remove [Child] from Wise County and

---

[1] As of the date of this opinion, the trial court's temporary restraining order had not yet expired and a written temporary injunction had not yet been signed. *See* Tex. R. Civ. P. 680.

contiguous counties for the purpose of changing the primary residence of [Child], [Mother] does not reside in Wise County or contiguous counties." At the time the parties entered the agreement, Father and Child lived in Wise County, and Mother lived in Vernon in Wilbarger County.[2]

Two months after the trial court signed the agreed decree, on April 11, 2024, Father accepted a better-paying job in Oregon and resigned from his job in Texas. Father then filed with the court on April 12 a request for a change of address.

Mother responded by filing on April 15 an emergency petition in a suit to modify the parent–child relationship. In her supporting affidavit, Mother acknowledged living in Vernon. And on April 16, Mother obtained a temporary restraining order prohibiting Father from removing Child from Wise County for purposes of changing her primary residence.

On April 22, the trial court conducted a hearing at which Mother indicated that she lived in Vernon in Wilbarger County. Mother agreed that she did not pay child support and that Father was Child's primary financial support. Mother acknowledged that Father was "a good dad," that Father took care of Child, and that he provided Child with stability, consistency, and a routine. Mother also agreed that she was able to communicate with Child regularly. Mother opposed the idea of moving Child to

---

[2]We take judicial notice that Wilbarger County is not a county contiguous with Wise County. *See* Tex. R. Evid. 201.

Oregon because it would make visitations more difficult, because most of Child's family was in Texas, and because she thought Child's grades would suffer.

During the April 22 hearing, Father testified that he had enrolled Child in an Oregon school, had found a pediatrician for her, and had signed a one-year lease on a residence. Father was supposed to report to work in Oregon on April 22. Due to the Texas proceedings, Father had to use vacation time. Father was concerned that he would lose his job if he did not report by the following week. He also said that his girlfriend planned to move to Oregon, as did his oldest daughter once she graduated from high school in Michigan. Father offered to pay the cost of travel required for Child to visit Mother once a month.

At the close of the April 22 hearing, the trial court orally granted a temporary injunction prohibiting Father from removing Child from Wise County or any contiguous county for purposes of changing her primary residence.

## II. DISCUSSION

Because a trial court's temporary orders are not appealable, mandamus is an appropriate manner to challenge them. *In re Strickland*, 358 S.W.3d 818, 820 (Tex. App.—Fort Worth 2012, orig. proceeding.). The party seeking mandamus relief must also show that the trial court clearly abused its discretion. *In re Allstate Indem. Co.*, 622 S.W.3d 870, 875 (Tex. 2021) (orig. proceeding). Father meets both requirements.

Because Mother did not live in Wise County or a contiguous county, Father had no geographic restriction under the terms of the divorce decree. And Mother did

4

not show that the move would "significantly impair [Child's] physical health or emotional development." *See* Tex. Fam. Code Ann. § 156.006(a), (b)(1); *In re S.B.*, No. 02-23-00390-CV, 2023 WL 8112897, at *2 (Tex. App.—Fort Worth Nov. 22, 2023, orig. proceeding); *In re Walser*, 648 S.W.3d 442, 446 (Tex. App.—San Antonio 2021, orig. proceeding); *Strickland*, 358 S.W.3d at 821. Accordingly, we hold that the trial court abused its discretion.

## III.  CONCLUSION

We conditionally grant the writ of mandamus. The trial court is ordered to vacate its April 16, 2024 temporary restraining order and its April 22, 2024 oral temporary injunction. *In re State ex rel. Skurka*, 512 S.W.3d 444, 451 (Tex. App.—Corpus Christi–Edinburg 2016, orig. proceeding) (stating that mandamus may be based on an oral ruling); *In re Bledsoe*, 41 S.W.3d 807, 811 (Tex. App.—Fort Worth 2001, orig. proceeding) (same). Our writ will issue only if the trial court fails to comply.

/s/ Mike Wallach
Mike Wallach
Justice

Delivered:  April 29, 2024

5