**Opinion filed December 5, 2024**



In The

# Eleventh Court of Appeals

———————

## No. 11-24-00266-CV

———————

## IN RE COLE ROMINE

**Original Mandamus Proceeding**

### M E M O R A N D U M   O P I N I O N

This mandamus proceeding arises from Relator's, Cole Romine (Father), suit to modify an order affecting the parent-child relationship in which he seeks the exclusive right to designate the primary residence of his children, K.R. and B.R., a right that currently belongs to Real Party in Interest, Kayla Nicole Shaw (Mother). *See* TEX. FAM. CODE ANN. § 156.001 (West 2014). After Respondent, the Honorable Shaun Carpenter, the presiding judge of the 220th District Court of Bosque, Comanche, and Hamilton Counties, denied Relator's request to issue a temporary order assigning him as the parent with the right to designate the children's primary residence, Relator filed a petition for writ of mandamus in this court. *See id.*

§ 156.006(b)(1) (West Supp. 2024). Specifically, Relator asserts that "the uncontroverted evidence showed significant impairment as a matter of law," thereby requiring a temporary order effectively changing and granting to Relator the right to designate the children's primary residence. Because we conclude that Judge Carpenter did not clearly abuse his discretion, we deny Relator's petition for writ of mandamus.

*Standard of Review and Applicable Law*

Mandamus is an "extraordinary" remedy that is "available only in limited circumstances." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). A writ of mandamus will issue only if the trial court clearly abused its discretion, and the relator has no adequate remedy on appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). "A trial court abuses its discretion if 'it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law.'" *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam) (quoting *Walker*, 827 S.W.2d at 839); *see In re A.L.M.-F.*, 593 S.W.3d 271, 282 (Tex. 2019). Because a trial court has no discretion in determining what the law is or in applying it to the facts, a trial court abuses its discretion if it fails to correctly analyze or apply the law. *See Prudential*, 148 S.W.3d at 135; *see also In re J.B. Hunt Transp., Inc.*, 492 S.W.3d 287, 294 (Tex. 2016) (orig. proceeding).

To demonstrate an abuse of discretion, a party seeking mandamus relief must show that the trial court "could have reached only one conclusion and that a contrary finding is thus arbitrary and unreasonable." *In re State Farm Lloyds*, 520 S.W.3d 595, 604 (Tex. 2017) (orig. proceeding). An "appellate court may not substitute its judgment for the trial court's determination of factual or other matters committed to the trial court's discretion, even if the mandamus court would have decided the issue

differently." *Id.* Alternatively, the party may demonstrate that the court erred in "determining what the law is or applying the law to the facts, even when the law is unsettled." *Id.* (internal quotation marks omitted). "In deciding whether to grant mandamus relief, we also look to whether an appeal is an inadequate remedy." *In re Walser*, 648 S.W.3d 442, 445 (Tex. App.—San Antonio 2021, orig. proceeding) (citing *Walker*, 827 S.W.2d at 842). "An appeal is not an adequate remedy when a party complains of temporary orders such as the one here." *Id.* "Temporary orders, entered while a motion to modify in a suit affecting the parent-child relationship is pending, are interlocutory and there is no statutory provision for appeal of these orders." *Id.* at 445.

Pursuant to Section 156.006 of the Texas Family Code, a trial court may not render a temporary order that has the effect of changing the designation of the person who has the exclusive right to designate the primary residence of the child under the final order unless: (1) the temporary order is in the best interest of the child; and (2) "the order is necessary because the child's present circumstances would significantly impair the child's physical health or emotional development." FAM. § 156.006(b)(1). Section 156.006 imposes a high burden on the movant to present sufficient evidence that a child's present circumstances significantly impair his or her physical health or emotional development. *Walser*, 648 S.W.3d at 446; *In re J.W.*, No. 02-18-00419-CV, 2019 WL 2223216, at *3 (Tex. App.—Fort Worth May 23, 2019, orig. proceeding) (mem. op.) (applying significant impairment standard to temporary orders that had effect of creating a geographical restriction).

The "significant impairment" standard requires evidence of bad acts or omissions committed against the children. *Walser*, 648 S.W.3d at 446; *In re Eddins*, No. 05-16-01451-CV, 2017 WL 2443138, at *4 (Tex. App.—Dallas June 5, 2017, orig. proceeding) (mem. op.); *see also In re C.G.*, No. 04-13-00749-CV 2014 WL

3928612, at *8 (Tex. App.—San Antonio Aug. 13, 2014, no pet.) (mem. op.) (placing burden on movant). Such acts or omissions are "more grave than [the] violation of a divorce decree or alienation of a child from a parent." *In re Barker*, No. 03-21-00036-CV, 2021 WL 833970, at *7 (Tex. App.—Austin Mar. 4, 2021, orig. proceeding) (mem. op.) (internal quotation marks omitted). "A general concern as to the child's emotional development is not enough to show a significant impairment." *In re Morehead*, No. 06-21-00052-CV, 2021 WL 3669607, at *2 (Tex. App.—Texarkana Aug. 18, 2021, orig. proceeding) (mem. op.). Furthermore, "[b]ecause each child's circumstances are different, conditions that could significantly impair the emotional development of one child may not affect another child as strongly. Thus, specific allegations as to how a child's emotional development will be significantly impaired are statutorily required." *Walser*, 648 S.W.3d at 446–47 (quoting *In re Strickland*, 358 S.W.3d 818, 822–23 (Tex. App.—Fort Worth 2012, orig. proceeding)).

*Discussion*

Relator's petition is in the tenor of a challenge to the sufficiency of the evidence underlying the trial court's denial of his requested temporary order. *See In re Walton*, No. 11-16-00230-CV, 2017 WL 922418, at *1 (Tex. App.—Eastland Feb. 28, 2017, orig. proceeding) (mem. op.). He presented evidence to Judge Carpenter over the course of three hearings—the first hearing on Relator's request for temporary orders on September 26, 2024, a subsequent hearing on Relator's motion to reconsider a week later, and a third hearing on October 10 after Relator refused to return the children to Mother. B.R. was ten years old, and K.R. was seven at the time of the hearings.

Relator and Heather Harvey, the children's counselor, testified at each hearing. At the second hearing on October 3, Judge Carpenter heard additional testimony from Mother, Mother's spouse, and Relator's spouse.

The children have lived in Comanche County with Mother since she and Relator divorced in August 2021. Relator lives in Plano, Texas, but travels to Midland, Texas during the week for work, and has a house there. Relator alleged that Mother moved from Comanche County to Midland County on August 24 without his or the trial court's permission, which he maintains has significantly impaired B.R.'s and K.R.'s emotional development.

According to Relator, Mother's decision to move caused B.R. to "throw[] a fit" and "start[] crying uncontrollably," and he emotionally "regressed and was talking like a baby." The children "would just start throwing a fit, getting anxious, start crying," whenever he returned them to Mother because they wanted to stay with him. In Harvey's opinion, B.R. struggled with change, especially being apart from Relator, and had expressed his desire to remain with Relator. Harvey was concerned about B.R.'s ability to express his discomfort and other feelings to Mother, and would, at times, "emotionally shut down."

Relator and Harvey further believed, based on their conversations with B.R. and K.R., that Mother "routinely" pinched and hit the children, and has chased B.R. with a flyswatter. They both noticed bruising on K.R.'s arm, which they inferred was caused by Mother. Harvey reported the possible abuse to the Texas Department of Family and Protective Services (the Department), and the children participated in forensic interviews. However, Judge Carpenter was given no further information regarding the Department's investigation.

Mother refuted Relator's allegations and maintained that she "[has] never hit" the children," but "[may] have pinched" K.R. "a little on the arm" once "when [K.R.]

5

threw a yogurt [while] at the grocery store." But that was not her "normal type of discipline." Mother explained that K.R.'s bruises were caused by her playing and putting insulated cup holders on her arms. Mother also testified that she encouraged B.R. to show and discuss his emotions with her and her husband, and the children were enrolled in school. Mother's spouse corroborated Mother's testimony, including that K.R. had recently refused to speak to Relator when they tried to hand her the phone.

Before ruling on Relator's motion to reconsider, Judge Carpenter asked for the input of Megan Hines, the children's attorney ad litem. Hines explained that the children "are caught in the middle between two sets of parents that love them very, very much, but have very, very different opinions about things." Hines stated that the children "are very worried about hurting both parents' feelings." She agreed with Harvey's assessment that the children "are not comfortable in their mother's home," and "shut down when . . . asked about discipline in [Mother's] home." Hines recognized that the children were "having a hard time adapting" to their new environment in Midland, they want to stay with Relator primarily, but also "want to have lots of access and visitation with [Mother]." Hines further reported that the children "are very clear that they don't like it when either parent keeps them from the other." In her opinion, "temporarily it is in the best interest to stay at [Relator's] house but have lots of visitation with [Mother]," because "they don't feel comfortable at [Mother's] home to share their emotions."

At the October 10 hearing, Hines informed Judge Carpenter that the children have expressed their "fear of retaliation" from Mother due to new reports of abuse. Relator testified that B.R. revealed he had been slapped and pinched by Mother in Mother's home, and Relator is concerned for the children's safety. Mother again denied the allegations of abuse, and Mother's spouse supported Mother's testimony.

It is clear from the record that nearly every contention raised by either party was in dispute, and it is not for this court to reconcile disputed factual matters in a mandamus proceeding. *See State Farm Lloyds*, 520 S.W.3d at 604; *Walton*, 2017 WL 922418, at *1. Thus, "[b]ecause weighing evidence is a trial court function, mandamus will not lie if the record contains legally sufficient evidence both against and in support of the trial court's decision." *In re Odo*, No. 11-21-00227-CV, 2021 WL 4782976, at *1 (Tex. App.—Eastland Oct. 14, 2021, orig. proceeding) (mem. op.). Here, everyone, including Relator, acknowledged that the children "want to see their mom" and "love their mom." As such, the conflicting evidence reasonably supports Judge Carpenter's inference that any emotional regression of the children was at least due in part to the "significant amount of discord between the parents" in this case. Consequently, Judge Carpenter's finding that Relator failed to meet his burden of showing significant impairment is not so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *See A.L.M.-F.*, 593 S.W.3d at 282.

Having reviewed the record, and deferring, as we must, to Judge Carpenter's credibility determinations and resolutions of conflicting evidence, we find no clear abuse of discretion. *See State Farm Lloyds*, 520 S.W.3d at 604. Accordingly, we deny Relator's petition for writ of mandamus.

W. BRUCE WILLIAMS
JUSTICE

December 5, 2024

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

7