**Opinion filed April 2, 2026**



In The

# Eleventh Court of Appeals

———————

## No. 11-26-00075-CV

———————

## IN RE GENTRI RENEE MCLEAN

**Original Mandamus Proceeding**

### M E M O R A N D U M   O P I N I O N

Relator, Gentri Renee McLean, and Real Party in Interest, Terry Allen McLean, are the divorced parents of four children. When Gentri and Terry divorced in 2025, they agreed to a standard possession order with Gentri having the exclusive right to designate the children's primary residence. *See* TEX. FAM. CODE ANN. §§ 153.311–.317 (West 2014 & Supp. 2025).[1] Terry subsequently initiated the underlying suit to modify an order affecting the parent-child relationship, and he sought temporary orders. During the temporary orders hearing on February 25, 2026, the Honorable Brent Morgan, presiding judge of the 318th District Court of

---

[1]For parents who reside 100 miles or less apart, standard possession generally provides for possession on the first, third, and fifth weekends of each month, beginning at 6:00 p.m. on Friday and ending at 6:00 p.m. the following Sunday, and Thursdays during the regular school term from 6:00 p.m. to 8:00 p.m. FAM. § 153.312(a).

Midland County, orally pronounced temporary orders which changed Gentri's conservatorship status, stripped her of the right to designate the children's primary residence, and effectively granted Terry this exclusive right. *See* FAM. § 156.006(b) (relating to temporary orders). Gentri has filed the instant petition for writ of mandamus challenging the trial court's orally pronounced temporary orders. We conditionally grant the petition.

Mandamus is an "extraordinary" remedy that is "available only in limited circumstances." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). A writ of mandamus will issue only if the trial court clearly abused its discretion, and the relator has no adequate remedy on appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). First, "[a]n appeal is not an adequate remedy when a party complains of temporary orders such as the one here." *In re Walser*, 648 S.W.3d 442, 445 (Tex. App.—San Antonio 2021, orig. proceeding). "Temporary orders, entered while a motion to modify in a suit affecting the parent-child relationship is pending, are interlocutory and there is no statutory provision for appeal of these orders." *Id.* at 445 (citing *In re Ostrofsky*, 112 S.W.3d 925, 928 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding)). Gentri therefore has no adequate remedy by direct appeal of the trial court's temporary orders.

For purposes of our review, "[a] trial court abuses its discretion if 'it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law.'" *In re Cerberus Cap. Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam) (quoting *Walker*, 827 S.W.2d at 839); *see In re A.L.M.-F.*, 593 S.W.3d 271, 282 (Tex. 2019). Because a trial court has no discretion in determining what the law is or in applying it to the facts, a trial court abuses its discretion if it fails to correctly analyze or apply the law. *See Prudential*, 148 S.W.3d at 135; *see also In re J.B. Hunt Transp., Inc.*, 492 S.W.3d 287, 294 (Tex. 2016) (orig.

2

proceeding).  To demonstrate a clear abuse of discretion, a party seeking mandamus relief must show that the trial court "could have reached only one conclusion and that a contrary finding is thus arbitrary and unreasonable." *In re State Farm Lloyds*, 520 S.W.3d 595, 604 (Tex. 2017) (orig. proceeding).  "[A]n appellate court may not substitute its judgment for the trial court's determination of factual or other matters committed to the trial court's discretion, even if the mandamus court would have decided the issue differently." *Id.*  Alternatively, the party may demonstrate that the trial court abused its discretion in "determining what the law is or applying the law to the facts, even when the law is unsettled." *Id.* (internal quotation marks omitted).

Pursuant to Section 156.006 of the Texas Family Code, a trial court may not render a temporary order that changes the designation of the person who has the exclusive right to designate the primary residence of the children under the final order unless: (1) the temporary order is in the best interest of the children; and (2) "the order is necessary because [each] child's present circumstances would *significantly impair* the child's physical health or emotional development."  FAM. § 156.006(b)(1) (emphasis added).  Section 156.006 imposes a high burden on the movant to present sufficient evidence to establish the "significant impairment" requirement.  *Walser*, 648 S.W.3d at 446; *see In re J.W.*, No. 02-18-00419-CV, 2019 WL 2223216, at *3 (Tex. App.—Fort Worth May 23, 2019, orig. proceeding) (mem. op.) (applying the significant impairment standard to temporary orders that had the effect of creating a geographical restriction).

The "significant impairment" standard requires evidence of bad acts or omissions committed against the children.  *Walser*, 648 S.W.3d at 446; *In re Eddins*, No. 05-16-01451-CV, 2017 WL 2443138, at *4 (Tex. App.—Dallas June 5, 2017, orig. proceeding) (mem. op.); *see also In re C.G.*, No. 04-13-00749-CV, 2014 WL 3928612, at *8 (Tex. App.—San Antonio Aug. 13, 2014, no pet.) (mem. op.) (placing this burden on the movant).  Such acts or omissions are "more grave than

[the] violation of a divorce decree or alienation of a child from a parent." *In re Barker*, No. 03-21-00036-CV, 2021 WL 833970, at *7 (Tex. App.—Austin Mar. 4, 2021, orig. proceeding) (mem. op.) (quoting *In re Serio*, No. 03-14-00786-CV, 2014 WL 7458735, at *2 (Tex. App.—Austin Dec. 23, 2014, orig. proceeding) (mem. op.). "A general concern as to the child's emotional development is not enough to show a significant impairment." *In re Morehead*, No. 06-21-00052-CV, 2021 WL 3669607, at *2 (Tex. App.—Texarkana Aug. 18, 2021, orig. proceeding) (mem. op.). "Evidence of parental alienation, violations of the divorce decree, or a poor relationship between the joint managing conservators" is likewise insufficient. *In re Haddad*, No. 04-25-00484-CV, 2026 WL 517517, at *5 (Tex. App.—San Antonio Feb. 25, 2026, orig. proceeding) (mem. op.) (collecting cases). Rather, as we have said, evidence of the complained-of conduct must show that the associated impairment has been, and will continue to be, *significant*. *In re E.R.D.*, 671 S.W.3d 682, 689 (Tex. App.—Eastland 2023, no pet.) (discussing the same "significant impairment" standard in a grandparent access setting).

Here, despite the evidence presented to it at the temporary orders hearing, the trial court abused its discretion when it failed to make the required statutory "significant impairment" findings, either on the record or in a written order. *See* FAM. § 156.006(b)(1). Rather, the trial court's only stated reason for changing the designation of the parent who would have the exclusive right to designate the primary residence of the children was because Gentri "denied [Terry] access" to the children after the trial court had warned her not to, and that if she did, the trial court "would be upset." *In re Sanchez*, 228 S.W.3d 214, 219 (Tex. App.—San Antonio 2007, orig. proceeding) (concluding that the trial court clearly abused its discretion, relying on its explanation for the ruling: "It's just because a parent should be there instead of a grandparent. That's why I'm doing it. It's strictly because of that."); *In re Payne*, No. 10-11-00402-CV, 2011 WL 6091265, at *2–3 (Tex. App.—Waco

4

Dec. 2, 2011, orig. proceeding) (mem. op.) (noting "the trial court's motivation" for lifting the geographical restriction and the lack of evidence of significant impairment). The absence of a "significant impairment" finding, which at the outset is required to support a trial court's ruling under these circumstances, is dispositive of this proceeding. *See In re Strickland*, 358 S.W.3d 818, 822–23 (Tex. App.—Fort Worth 2012, orig. proceeding); *Haddad*, 2026 WL 517517, at *5; *In re Adkins*, No. 04-23-00705-CV, 2024 WL 697093, at *1–3 (Tex. App.—San Antonio Feb. 21, 2024, orig. proceeding) (mem. op.); *In re Lee*, No. 04-19-00440-CV, 2019 WL 3642640, at *4 (Tex. App.—San Antonio Aug. 7, 2019, orig. proceeding) (mem. op.). Therefore, we need not address the remaining issues raised by Gentri. *See* TEX. R. APP. P. 47.1, 52.8(d).

Accordingly, we conditionally grant Gentri's petition for writ of mandamus and direct Judge Morgan to withdraw the temporary orders that he orally pronounced on February 25, 2026. A writ of mandamus will issue only if he fails to act by April 17, 2026.

W. STACY TROTTER
JUSTICE

April 2, 2026

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.