Opinion filed May 21, 2026



**In The**

# Eleventh Court of Appeals

_____

## No. 11-26-00118-CV

_____

## IN RE GENTRI RENEE MCLEAN

**Original Mandamus Proceeding**

### MEMORANDUM OPINION

Relator, Gentri Renee McLean, and Real Party in Interest, Terry Allen McLean, are the divorced parents of four children. Gentri filed a petition for writ of mandamus in which she raises three issues challenging the trial court's temporary orders that changed her status as joint managing conservator with the exclusive right to designate the children's primary residence to possessory conservator. In her first issue, Gentri challenges the sufficiency of the evidence to support the findings required by Section 156.006(b)(1) of the Family Code. In her second issue, Gentri challenges the "asymmetric drug-testing conditions" imposed against her. In her

third issue, Gentri asserts that she has no adequate remedy by appeal. Terry filed a response. We conditionally grant the petition.

*Factual and Procedural Background*

In 2025, Gentri and Terry agreed to a final decree of divorce that contained a standard possession order with Gentri as the parent with the exclusive right to designate the children's primary residence. *See* TEX. FAM. CODE ANN. §§ 153.311–.317 (West 2014 & Supp. 2025). Terry subsequently sought to modify the order affecting the parent-child relationship and requested temporary orders naming him as the parent with the right to designate the children's primary residence.

During the temporary orders hearing on February 25, 2026, the Honorable Brent Morgan, presiding judge of the 318th District Court of Midland County, orally pronounced temporary orders that changed Gentri's conservatorship status to a possessory conservator, removed from her the right to designate the children's primary residence, and effectively granted Terry this exclusive right by designating him sole managing conservator. *See* FAM. § 156.006(b) (relating to temporary orders). The trial court issued a letter ruling the same day.

At the temporary orders hearing, Terry's primary focus was Gentri's interference with his court-ordered possession of and access to the children. Gentri explained that she violated the court's visitation orders because the children "are terrified of [Terry]." According to Gentri, all four children were participating in counseling and extracurricular activities, and at least one of the children's grades had improved in the months leading up to the hearing.

Terry also alleged that Gentri was a cocaine user and was dating a married man. The undisputed evidence demonstrated that Terry and Gentri submitted to hair follicle drug screens prior to the hearing, and both tested positive for cocaine. Gentri testified that she had not used cocaine in "over a year," while Terry admitted to

cocaine use in December 2025 with "three of [his] buddies." When asked about the children, Terry attested that he had not spoken to their teachers, did not know their grades, did not know that the children were in counseling, and was unaware of any present danger to the children's physical health.

Prior to orally pronouncing its ruling, the trial court indicated its displeasure with Gentri because she ignored its previous warning to "let the children see their father . . . [for] his next visitation." The trial court told Gentri:

> I tried to warn your attorney. . . . Follow the court order. But you couldn't. You wanted to do it your way. If the kids were in so much danger[,] where are the counselors? Where are the therapists? Where are they? The[y] are not here because [the children] are not in any danger. Because they are not here to support your side. Instead you just denied [Terry] access.

Gentri previously filed a petition for writ of mandamus due to the trial court's failure to make the findings required by Section 156.006(b) of the Family Code, which we conditionally granted. *In re McLean*, No. 11-26-00075-CV, 2026 WL 899121, at *1–3 (Tex. App.—Eastland Apr. 2, 2026, orig. proceeding) (mem. op.); *see* FAM. § 156.006(b)(1). In this regard, the trial court's prior order did not specify that the change in designation was based on evidence that each child's present circumstances would significantly impair their physical health or emotional development pursuant to Section 156.006(b), but rather the trial court stated that its decision was because Gentri "denied [Terry] access" to the children after the trial court warned her not to. *McLean*, 2026 WL 899121, at *2–3; *see In re Sanchez*, 228 S.W.3d 214, 219 (Tex. App.—San Antonio 2007, orig. proceeding); *In re Payne*, No. 10-11-00402-CV, 2011 WL 6091265, at *2–3 (Tex. App.—Waco Dec. 2, 2011, orig. proceeding) (mem. op.).

The trial court subsequently withdrew its orally pronounced temporary orders and its February 26 letter ruling, and, without hearing additional evidence, issued

another letter ruling and temporary orders. In its second letter ruling, the trial court noted its concerns that Gentri's hair follicle drug test was positive for cocaine, which permitted the inference that she used drugs while in possession of the children. The trial court further found that there was evidence presented at the hearing that "men ha[d] spent the night with [Gentri] while [she] was in possession of the children," and the trial court was "gravely concerned men consumed illegal narcotics with [Gentri] . . . while she was in possession of the children." The trial court cited Gentri's testimony that her electricity was turned off once, "the children's high number of absences" from school, and Gentri's intentional violations of the trial court's order permitting Terry's possession and access to the children. Finally, the trial court concluded based on Gentri's positive drug test that her cocaine use was "so great [that] it has affected her memory" of Terry's schedule for possession and access.

The trial court issued temporary orders on April 24, which (1) appointed Terry temporary sole managing conservator with the exclusive right to designate the children's primary residence without regard to geographic location, and (2) appointed Gentri temporary possessory conservator, reduced her possession and access to the children until she provided a clean result from a 180-day hair follicle test, ordered her to submit to a urinalysis forty-eight hours prior to visitation, and provided that Gentri would "have a standard possession order with elections as attached" in an exhibit after she submitted a clean result on the 180-day hair follicle test.

Gentri filed the instant petition for writ of mandamus challenging the trial court's temporary orders.

4

*Mandamus Standard of Review*

Mandamus is an "extraordinary" remedy that is "available only in limited circumstances." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). A writ of mandamus will issue only if the trial court clearly abused its discretion, and the relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). As we have said, "[a]n appeal is not an adequate remedy when a party complains of temporary orders such as the one here." *In re Walser*, 648 S.W.3d 442, 445 (Tex. App.—San Antonio 2021, orig. proceeding). In this regard, "[t]emporary orders, entered while a motion to modify in a suit affecting the parent-child relationship is pending, are interlocutory and there is no statutory provision for appeal of these orders." *Id.* at 445 (citing *In re Ostrofsky*, 112 S.W.3d 925, 928 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding)). Therefore, Gentri again has no adequate remedy by direct appeal of the trial court's temporary orders.[1]

"A trial court abuses its discretion if 'it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law.'" *In re Cerberus Cap. Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam) (quoting *Walker*, 827 S.W.2d at 839); *see In re A.L.M.-F.*, 593 S.W.3d 271, 282 (Tex. 2019). Because a trial court has no discretion in determining what the law is or in applying it to the facts, a trial court abuses its discretion if it fails to correctly analyze or apply the law. *See Prudential*, 148 S.W.3d at 135; *see also In re J.B. Hunt Transp., Inc.*, 492 S.W.3d 287, 294 (Tex. 2016) (orig. proceeding). To demonstrate a clear abuse of discretion, a party seeking mandamus relief must show

---

[1]As discussed, Gentri argues in what she designated as her third issue that she has no adequate remedy by appeal. While she is correct, and we sustain her third issue, that is only the beginning of our inquiry in this mandamus proceeding. *See Walser*, 648 S.W.3d at 445.

that the trial court "could have reached only one conclusion and that a contrary finding is thus arbitrary and unreasonable." *In re State Farm Lloyds*, 520 S.W.3d 595, 604 (Tex. 2017) (orig. proceeding). "[A]n appellate court may not substitute its judgment for the trial court's determination of factual or other matters committed to the trial court's discretion, even if the mandamus court would have decided the issue differently." *Id.* Alternatively, the party may demonstrate that the trial court erred in "determining what the law is or applying the law to the facts, even when the law is unsettled." *Id.* (internal quotation marks omitted).

*Application of Family Code Section 156.006(b)(1)*

In Gentri's first issue, she contends that the trial court clearly abused its discretion by issuing its temporary orders that changed the designation of the parent with the exclusive right to determine the children's primary residence.

Pursuant to Section 156.006 of the Texas Family Code, a trial court may not render a temporary order that changes the designation of the person who has the exclusive right to designate the primary residence of the children under the final order unless: (1) the temporary order is in the best interest of the children; and (2) "the order is necessary because [each] child's present circumstances would *significantly impair* the child's physical health or emotional development." FAM. § 156.006(b)(1) (emphasis added). Section 156.006 imposes a high burden on the movant to present sufficient evidence to establish the "significant impairment" requirement. *Walser*, 648 S.W.3d at 446; *see In re J.W.*, No. 02-18-00419-CV, 2019 WL 2223216, at *3 (Tex. App.—Fort Worth May 23, 2019, orig. proceeding) (mem. op.). "A temporary order that deprives a custodial parent of any discretion inherent in the right to determine the child[ren]'s primary residence has the effect of changing the designation of the person with the exclusive right to designate the child[ren]'s

6

primary residence." *In re Strickland*, 358 S.W.3d 818, 821 (Tex. App.—Fort Worth 2012, orig. proceeding) (discussing FAM. § 156.006(b)).

Terry, as the movant below, held the high burden imposed by Section 156.006(b) to present evidence of bad acts or omissions committed against the children. *See Walser*, 648 S.W.3d at 446; *In re Eddins*, No. 05-16-01451-CV, 2017 WL 2443138, at *4 (Tex. App.—Dallas June 5, 2017, orig. proceeding) (mem. op.); *see also In re C.G.*, No. 04-13-00749-CV, 2014 WL 3928612, at *8 (Tex. App.—San Antonio Aug. 13, 2014, no pet.) (mem. op.) (placing this burden on the movant). Such acts or omissions are "more grave than [the] violation of a divorce decree or alienation of a child from a parent." *In re Barker*, No. 03-21-00036-CV, 2021 WL 833970, at *7 (Tex. App.—Austin Mar. 4, 2021, orig. proceeding) (mem. op.) (quoting *In re Serio*, No. 03-14-00786-CV, 2014 WL 7458735, at *2 (Tex. App.—Austin Dec. 23, 2014, orig. proceeding) (mem. op.). As we explained in our previous opinion, "[e]vidence of parental alienation, violations of the divorce decree, or a poor relationship between the joint managing conservators"—such as the circumstances before the trial court in this case—is insufficient to establish significant impairment. *McLean*, 2026 WL 899121, at *2–3 (quoting *In re Haddad*, No. 04-25-00484-CV, 2026 WL 517517, at *5 (Tex. App.—San Antonio Feb. 25, 2026, orig. proceeding) (mem. op.) (collecting cases)). Rather, evidence of the complained-of conduct must show that the associated impairment has been, and will continue to be, *significant*. *In re E.R.D.*, 671 S.W.3d 682, 689 (Tex. App.—Eastland 2023, no pet.); *see also In re Lee*, No. 04-19-00440-CV, 2019 WL 3642640, at *4 (Tex. App.—San Antonio Aug. 7, 2019, orig. proceeding) (mem. op.) (noting that "[t]he trial court's concern about [the mother's] stress level" was insufficient to satisfy the high statutory burden of establishing significant impairment).

Here, even accepting Terry's general allegations as true, he presented no evidence beyond "general concern[s]" of any impairment to the children's physical health or emotional well-being.  *See In re Morehead*, No. 06-21-00052-CV, 2021 WL 3669607, at *2 (Tex. App.—Texarkana Aug. 18, 2021, orig. proceeding) (mem. op.).  For instance, the parties alluded to law enforcement involvement and contact with the Department of Family and Protective Services (the Department), yet there was no testimony from a Department caseworker, investigator, or law enforcement about the parties' alleged concerns.  *See, e.g.*, *In re Adkins*, No. 04-23-00705-CV, 2024 WL 697093, at *3 (Tex. App.—San Antonio Feb. 21, 2024, orig. proceeding) (mem. op.) (sufficient evidence of significant impairment which included Department caseworker's testimony of the impact of the father's neglectful supervision on the children's "immediate health and safety").  Nor did Terry introduce specific, statutorily required proof of each child's present environment or circumstances.  *See Strickland*, 358 S.W.3d at 822–23 ("Father's general allegations here do not show that the children's present circumstances would significantly impair their emotional development."); *Haddad*, 2026 WL 517517, at *5.  Consequently, the evidence is legally insufficient to support the trial court's finding that the children's present circumstances would significantly impair their physical health or emotional development.  *See* FAM. § 156.006(b)(1); *Lee*, 2019 WL 3642640, at *4.  We conclude that the trial court clearly abused its discretion by issuing the temporary orders that named Terry sole managing conservator with the exclusive right to designate the children's primary residence.  *See* FAM. § 156.006(b)(1).  We sustain Gentri's first issue.

*Temporary Orders to Submit to Drug Testing*

In her second issue, Gentri challenges the trial court's imposition of drug-testing requirements as a "punitive measure" and "asymmetric" because Terry was not required to submit to drug testing.

In suits affecting the parent-child relationship, which includes suits for modification, trial courts have broad authority to enter temporary orders "for the safety and welfare of the child." FAM. §§ 105.001(a), 156.006(a); *see In re Perricone*, No. 11-25-00078-CV, 2025 WL 1184127, at *2, *4 (Tex. App.—Eastland Apr. 24, 2025, orig. proceeding) (mem. op.). An order that "imposes restrictions or limitations on a parent's right to possession of or access to a child may not exceed those that are required to protect the best interest of the child." FAM. § 153.193 (West 2014); *see also* FAM. § 153.002 ("The best interest of the child shall always be the primary consideration . . . in determining the issues of conservatorship and possession of and access to the child."). Correspondingly, "[t]rial courts can 'fashion an order that restricts possession or access so as to eliminate any danger to the physical or emotional welfare of the child.'" *Schneider v. Schneider*, No. 01-22-00774-CV, 2024 WL 3349082, at *7 (Tex. App.—Houston [1st Dist.] July 9, 2024, no pet.) (mem. op.) (quoting *In re R.D.Y.*, 51 S.W.3d 314, 323 (Tex. App.—Houston [1st Dist.] 2001, pet. denied)). To that end, trial courts may generally require parents to submit to drug testing if it is supported by sufficient evidence. *See id.* (finding no abuse of discretion in trial court's requirement that the mother to undergo drug testing as a restriction on her possession and access); *see also, e.g.*, *In re Rodriguez*, No. 09-25-00430-CV, 2025 WL 3237080, at *1 (Tex. App.—Beaumont Nov. 20, 2025, orig. proceeding) (mem. op.) (evidence of possible drug use by the father supported trial court's temporary order for the father to submit to drug testing); *In re Tullos*, No. 12-22-00228-CV, 2022 WL 4793718, at *3 (Tex. App.—Tyler Sept. 30,

2022, orig. proceeding) (mem. op.) (observing that Texas law recognizes that a drug-free home environment and sober parents promote the safety and welfare of children).

Here, however, we have concluded that the evidence presented at the hearing did not support the trial court's order that effectively changed the parent with the exclusive right to designate the children's primary residence. As such, the temporary orders in their entirety must be vacated, and we need not address Gentri's contentions in her second issue. *See* TEX. R. APP. P. 47.1, 52.8(d).

*This Court's Ruling*

Accordingly, we conditionally grant Gentri's petition for writ of mandamus and direct Judge Morgan to vacate the letter ruling he issued on April 9 and the temporary orders he signed on April 24, 2026. A writ of mandamus will only issue if he fails to act by June 5, 2026.

JOHN M. BAILEY
CHIEF JUSTICE

May 21, 2026

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

10